IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE JAMES RICHARDS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:16-CV-776-WKW |
| | ) |
| VALERIE D. JUDAH, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a complaint filed under 42 U.S.C. § 1983 by Eddie James Richards, Jr., an indigent pre-trial detainee incarcerated at the Houston County Jail. In this complaint, Richards challenges the legal assistance provided to him by Valerie D. Judah, the attorney appointed to represent him on criminal charges pending before the pending Circuit Court of Houston County, Alabama. Doc. 1 at 6 & 11. Specifically, Richards complains that Judah improperly waived his right to a preliminary hearing in January of 2016. Doc. 1 at 6 & 11. Richards seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violation of his constitutional rights.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* on September 23, 2016. Doc. 3. A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The 42 U.S.C. § 1983 Claim

Richards complains that Judah violated his constitutional rights when she failed to ensure that he received a preliminary hearing on the criminal charges pending against him before the state court.  In accordance with applicable federal law, this allegation entitles Richards to no relief from this court under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 49 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)). . . . [Consequently,] state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L.Ed.2d 185 (1978)."

*Am. Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Since the conduct about which Richards complains was not committed by a person acting under color of state law,

2

the claims presented against Judah under 42 U.S.C. § 1983 lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B.  Supplemental Jurisdiction

Richards also seeks relief from this court on a pendent state law claim of legal malpractice. *See* Doc. 1 at 11.  Review of any pendent state law claim requires exercise of this court's supplemental jurisdiction.  In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Richards' state law claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction.  To exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).  *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984).  The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428.

Since the federal claim presented by Richards is frivolous, the court concludes that the pendent state law claim is due to be dismissed. *See Gibbs*, 383 U.S. at 726 (holding that if the federal claims are dismissed prior to trial the state claims should be dismissed as well); *Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).  The court declines to exercise supplemental jurisdiction over the state tort claim of legal malpractice and makes no determination with respect to the merits of this claim.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's claim against Valerie D. Judah filed under 42 U.S.C. § 1983 be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's pendent state law claim of legal malpractice be dismissed without prejudice as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

3. This case be summarily dismissed.

It is further ORDERED that, on or before **October 10, 2016,** the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of September, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE