IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDDIE JAMES RICHARDS, JR., )
)
Plaintiff, )
)
v. ) CASE NO. 1:16-CV-776-WKW
) (WO)
VALERIE D. JUDAH, )
)
Defendant. )

**ORDER**

On September 26, 2016, the Magistrate Judge filed a Recommendation (Doc. # 4) to which Plaintiff timely filed objections. (Doc. # 5). The court has considered the record and the objections and has conducted an independent and *de novo* review of those portions of the Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1).

Plaintiff alleges that, as his criminal defense attorney in a state court criminal proceeding, Defendant Valerie D. Judah deprived him of his constitutional rights and failed to adequately represent him when she waived a preliminary hearing without his permission. As explained in the Recommendation, with respect to acts undertaken in the performance of "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a criminal defense attorney does not act under color of state law and is not subject to suit under 42 U.S.C. § 1983. *Polk Cty. v.*

*Dodson*, 454 U.S. 312, 324 (1981). The Magistrate Judge correctly concluded that Plaintiff's § 1983 claim has no legal basis and that the court should decline to exercise jurisdiction over Plaintiff's state law claim, which concerns an alleged act of legal malpractice by a court appointed attorney in a state court proceeding. *See Gibson v. York*, 569 F. App'x 810, 813 (11th Cir. 2014) ("[B]ecause [the plaintiff's] only federal claim was dismissed prior to trial, the district court was correct to decline to exercise supplemental jurisdiction over [the plaintiff's] state legal malpractice claims.").

Accordingly, it is ORDERED:

1. Plaintiffs' objections (Doc. # 5) are OVERRULED;

2. The Recommendation (Doc. # 4) is ADOPTED;

3. Plaintiff's claim against Valerie D. Judah filed under 42 U.S.C. § 1983 is DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

4. Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise jurisdiction over Plaintiff's pendent state law claim for legal malpractice. Therefore, the legal malpractice claim is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 25th day of October, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE